**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **VICKIE DORRELL, AS SPECIAL Administrator of the ESTATE OF TERRY DALE DORRELL,** | ) | |
| **Plaintiff,** | ) | |
| **-vs-** | ) | **Case No. CIV-25-616-SLP** |
| **COMANCHE COUNTY FACILITIES AUTHORITY, ET AL.,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION TO EXTEND SCHEDULING-ORDER DEADLINES**

Plaintiff Vickie Dorrell, as Special Administrator of the Estate of Terry Dale Dorrell, respectfully moves under Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4) to extend the deadlines in the Court's October 31, 2025 Scheduling Order (Doc. 29) and continue the December 2026 trial docket. Good cause exists because Plaintiff's final expert and fact-witness lists are due September 1, 2026, but essential discovery remains incomplete, including depositions of detention personnel with direct knowledge of classification, housing, monitoring, and the response to the fatal assault, and because the parties are coordinating the rescheduling of a material family-witness deposition from September 11, 2026, to September 18, 2026. In support, Plaintiff states:

1. This civil-rights and wrongful-death action arises from the August 27, 2024 death of Terry Dale Dorrell while detained at the Comanche County Detention Center. The claims concern, among other matters, inmate classification and housing, notice of

known violence, staffing and supervision, required sight checks, the response to the assault, institutional policies and customs, and resulting damages.

2. Plaintiff has diligently pursued discovery. The identities and testimony of detention employees with direct knowledge are central to the merits, yet fact discovery cannot be completed fairly until Plaintiff can depose at least four officers occupying distinct roles: the booking/classification officer, the pod or floor officer assigned during the assault, the control-room or video-monitoring officer, and the shift supervisor or watch commander.

3. These depositions are not cumulative. Each concerns a separate link in the events at issue—classification and housing, direct supervision and sight checks, electronic monitoring and communications, and command-level staffing and incident response. Their testimony is also necessary to identify the John Doe Defendants and to permit informed expert review.

4. The defense has requested that a deposition presently set for September 11, 2026, be moved to September 18, 2026. Plaintiff is willing to accommodate that request. But the Scheduling Order requires Plaintiff's final expert and fact-witness lists on September 1, 2026—seventeen days before that deposition—and requires dispositive and Daubert motions by October 1, 2026, before the November 2, 2026 discovery cutoff. Without modification, Plaintiff must make final disclosures before completing material discovery.

5. The requested extension is supported by diligence, not delay. The need for additional time arises from the sequencing of discovery, the continuing identification of

personnel and records within Defendants' control, and the parties' effort to coordinate deposition dates. Plaintiff seeks only the time reasonably necessary to complete targeted discovery and make accurate disclosures.

6. No party will suffer unfair prejudice. A measured extension will allow both sides to complete discovery on a full record, reduce disputes over incomplete disclosures, and promote resolution of the case on its merits. Plaintiff does not seek the extension for an improper purpose.

7. Rule 16(b)(4) permits modification of a scheduling order for good cause with the Court's consent. The good-cause inquiry focuses on the moving party's diligence. See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 6(b)(1) likewise authorizes the Court, for good cause, to extend an unexpired deadline upon a timely request.

8. Plaintiff requests that the Court extend the remaining deadlines approximately sixty (60) days to the dates below, preserve the existing sequence among disclosures, discovery, motions, and trial submissions, and continue the December 2026 trial docket to the Court's next available docket after the extended deadlines:

| **Deadline** | **Current Date** | **Proposed Date** |
|---|---|---|
| Plaintiff's final expert list and reports | September 1, 2026 | November 2, 2026 |
| Plaintiff's final witness list | September 1, 2026 | November 2, 2026 |
| Defendant's expert and witness lists | 14 days thereafter | 14 days thereafter |
| Plaintiff's final exhibit list | September 15, 2026 | November 16, 2026 |
| Defendant's final exhibit list | September 22, 2026 | November 23, 2026 |
| Dispositive and Daubert motions | October 1, 2026 | November 30, 2026 |
| Discovery cutoff | November 2, 2026 | January 4, 2027 |

| | | |
|---|---|---|
| Deposition designations | November 2, 2026 | January 4, 2027 |
| Objections/counter-designations | November 9, 2026 | January 8, 2027 |
| Motions in limine, voir dire, optional trial briefs, jury instructions, and proposed final pretrial report | November 2, 2026 | January 4, 2027 |
| Trial docket | December 2026 | Next available docket after January 2027 |

9. Pursuant to LCvR 7.1(h), Plaintiff's counsel sought concurrence from opposing counsel regarding the relief requested in this Motion. As of the time of filing, opposing counsel has not communicated any objection to the requested relief.

WHEREFORE, Plaintiff respectfully requests that the Court find good cause, extend the scheduling-order deadlines to the dates stated above, continue the December 2026 trial docket to the Court's next available docket after the extended deadlines, permit completion of the identified depositions and related discovery, and grant such other relief as is just and proper.

Respectfully Submitted,

/s/ Ronald "Skip" Kelly
Ronald "Skip" Kelly, OBA # 4976
205 NW 63rd St., Ste. 150
Oklahoma City, OK 73116
Phone; (405) 235-1976
Fax: (405) 286-6316
Email: kellyron01@yahoo.com
ATTORNEY FOR PAINTIFF

/s/ Patricia A. Podolec
Patricia A. Podolec, OBA # 21325
10601 S. Western, Suite 119
Oklahoma City, OK 73170

Phone: 405-703-4431
Fax: 405-400-8784
Email: ppodolec@podoleclaw.com
**ATTORNEY FOR PAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Rebecca A. Boyer
COLLINS ZORN & WAGN'ER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
rab@czwlaw.com

/s/ Patricia A. Podolec
Patricia A. Podolec