IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKIE DORRELL, as Special Administrator of the ESTATE OF TERRY DALE DORRELL; | ) | |
| Plaintiff(s) | ) | Case No. 25-CV-616-SLP |
| v. | ) | |
| COMANCHE COUNTY FACILITIES AUTHORITY, an Oklahoma Title 60 Authority; | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DEADLINES BY 60 DAYS**

Defendant Comanche County Facilities Authority ("Defendant") respectfully partially objects to Plaintiff's Motion to Extend Deadlines by 60 days filed on the evening of September 1, 2026. In support thereof, Defendant states as follows:

1. This Court entered a Scheduling Order on October 31, 2025, over ten months ago, entering deadlines in this matter including a Plaintiff's Final Witness List deadline and Expert Witness List and Report deadline on September 1, 2026, a Dispositive Motion deadline on October 1, 2026, and a discovery cutoff of November 2, 2026 (Dkt. 29).

2. Defendant has diligently pursued discovery, sending written discovery to Plaintiff and taking Plaintiff's deposition.

3. Defendant had also scheduled the depositions of two additional witnesses Maisey Beatty and Kacie Dorrell for Plaintiff (family members of the deceased) on September 11, 2026 (Dkt 31). Plaintiff's counsel has represented to defense counsel that those two family members are only available for deposition on Fridays.

4. However, due to a conflict that developed for September 11, 2026, Defendant had requested to move those depositions to September 18, 2026. Plaintiff's counsel is not available on that date, but is available on October 2, 2026. Defendant will shortly be submitting amended Notices for those depositions to be rescheduled on October 2, 2026.

5. In the ten months since the Scheduling Order was issued, Plaintiff has never sent discovery requests to Defendant, nor requested any depositions.

6. Then on the afternoon of September 1, 2026, the day his Final Witness List and Expert lists were due, Plaintiff requested to take the depositions of key witnesses, including former Defendants David Weber and Clifford Darrington, as well as Michelle Barlow and Billy Hawkins, for late September, 2026. (See Exhibit 1, September 1, 2026 email from Plaintiff's counsel).

7. Plaintiff did not submit his Expert Witness list and report or a Final Witness List on the deadline of September 1, 2026.

8. Instead, after the close of business, at 8:46 p.m., Plaintiff filed a Motion to extend all deadlines, including the Plaintiff's Witness List and Expert Witness deadlines, by 60 days (Dkt. 32).

9. One of Plaintiff's purported reason for the requested extension is the potential move of the depositions of Plaintiff's family members from September 11, 2026, to September 18, 2026 (actually October 2, 2026, as Plaintiff's counsel is unavailable September 18, 2026). However, there is no reason why such a move should affect Plaintiff's Expert Witness List deadline or Witness List deadline, which passed yesterday,

and would have passed anyway regardless of which proposed dates those depositions took place.

10. Plaintiff's other purported reason for the requested extension is that Plaintiff wants to take the four depositions that he had just requested earlier in the day on September 1, 2026.

11. To be frank, Plaintiff has not done discovery at all for ten months, and then at the eleventh hour, has requested an extension of deadlines that were about to pass within hours. Plaintiff provides no reason why the Witness List and Expert Witness List and Report deadlines should be extended, when it is crystal clear it is Plaintiff's own lack of diligence that caused the need to extend that deadline.

12. Defendant therefore objects to the extension of the Plaintiff's Witness List or Expert Witness List deadline, which passed on September 1, 2026, without any submissions from Plaintiff.

13. As Plaintiff is seeking to schedule key depositions of Defense witnesses for late September, Defendant does not object to the extension of other deadlines that have not yet passed, especially the Dispositive Motion deadline, which is currently October 1, 2026. Plaintiff's choosing to take depositions of key defense witnesses just days before the current Dispositive Motion deadline would likely have caused the Defendant to need to move the Dispositive Motion deadline regardless.

WHEREFORE, Defendant objects to the extension of the Plaintiff's Witness List and Expect Witness List deadlines. Defendant does not object to the extension of other unexpired deadlines, especially the dispositive motion deadline.

Respectfully submitted,

s/ Jordan L. Miller
Jordan L. Miller, OBA No. 30892
Rebecca A. Boyer, OBA No. 31847
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: jlm@czwlaw.com
rab@czwlaw.com

***ATTORNEYS FOR DEFENDANTS COMANCHE COUNTY FACILITIES AUTHORITY AND DAVID WEBER***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2026, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly
205 NW 63rd St., Ste. 150
Oklahoma City, OK 73116
kellyron01@yahoo.com

Patricia A. Podolec
10601 S Western, Suite 119
Oklahoma City, OK 73170
ppodolec@podoleclaw.com

***Attorneys for Plaintiff***

s/ Jordan L. Miller
Jordan L. Miller